592 P.2d 959

**HONEY BOY HAVEN, INC., a New Mexico Corporation, Applicant-Appellee,**

v.

**Juan ROYBAL and Baudilio Bowles, Protestants-Appellants,**

and

**S. E. REYNOLDS, New Mexico State Engineer, Respondent-Appellant.**

**No. 11617.**

Supreme Court of New Mexico.

Nov. 22, 1978.

G. Emlen Hall, Pecos, E. James Hardgrave, Las Vegas, for protestants-appellants.

Toney Anaya, Atty. Gen., Peter Thomas White, Asst. Atty. Gen., Santa Fe, for respondent-appellant.

Catron, Catron & Sawtell, John S. Catron, Santa Fe, for applicant-appellee.

OPINION

SOSA, Justice.

A petition for rehearing was granted subsequent to our rendering an opinion in *Honey Boy Haven, Inc. v. Juan Roybal v. S. E. Reynolds*, 17 N.M.St.B.Bull. 2815 (1978). We withdraw our original opinion and substitute the following.

In 1956 or 1957 C. A. Baltzley, the predecessor in interest and president of Honey Boy Haven, Inc. (hereafter Honey Boy) constructed a new point of diversion and ditch on Cow Creek. From 1957 to 1971 he constructed thirteen off-channel ponds, all done without permits from the State Engineer. In 1971 in response to complaints from downstream water users, the State Engineer ordered Mr. Baltzley to cease further diverting, impounding, or using water from Cow Creek. Mr. Baltzley agreed in writing to the request.

On May 4, 1973, Honey Boy, as successor in interest to Mr. Baltzley, filed two water rights applications with the State Engineer. The first application requested a permit to change points of diversion from irrigation ditches located on the bank of Cow Creek to a single point of diversion approximately one mile downstream on the west bank of Cow Creek. The new point of diversion would be located on Honey Boy's property. The second application requested a permit to change the place and method of use of 36.6 acre feet of water per year from the irrigation of 24.4 acres of land to fish rearing, fishing and recreation purposes by supplying water to thirteen ponds having a combined surface area of 5.867 acres and a total capacity of 20.034 acre feet. Notice of the applications was published; the applications were protested by thirty-one members of the Cow Creek Water Rights Association.

During the State Engineer's hearing, Honey Boy withdrew its application to change point of diversion and amended its application to change the place and method of use by slightly reducing the claimed water right acreage. The point of diversion on the application was not, however, amended. On May 6, 1974, the State Engineer entered his findings and order denying the application to change place and method of use. The basis for this denial was that Honey Boy had failed to prove that there existed valid water rights appurtenant to its lands. The State Engineer also found

that the irrigation ditches, which were claimed by Honey Boy to have been used to irrigate its lands prior to 1957, had never supplied water to those lands, and that the diversion and use of water through the new point of diversion after 1957 was illegal. Thereafter, on July 12, 1974, Honey Boy filed a notice of appeal from the State Engineer's order in the District Court of San Miguel County.

The principal issues presented to the district court on a trial de novo were: (1) whether Honey Boy's points of diversion could be changed without a permit from the State Engineer; (2) whether the claimed old points of diversion could have irrigated Honey Boy's lands; (3) whether the claimed points of diversion had irrigated Honey Boy's lands at least once every four years during the period 1931 or 1928 to 1957, and (4) whether the diversion and use of water from an unauthorized point of diversion during the period 1957 to 1971 resulted in the forfeiture of the water rights that existed under the old points of diversion. After trial on the merits, the district court entered its decision on June 17, 1977, and ruled affirmatively on each of the first three questions. The judgment, entered on July 19, 1977, granted the application to change place and method of use subject to certain conditions. Notices of appeal were filed by the State Engineer and protestants on August 18, 1977.

Although many other points were raised on appeal, we believe the dispositive issue to be whether or not Honey Boy or its predecessor in interest had to seek prior approval from the State Engineer for a change in point of diversion. With regard to this issue the trial court found and concluded as a matter of law that: (1) the water rights of Cow Creek were adjudicated by decree of the United States District Court for the District of New Mexico in *United States of America v. Hope Community Ditch,* Cause No. 712 Equity (1933); (2) the acequias in question were public community acequias established and in operation prior to March 19, 1907, therefore, pursuant to § 75–14–60, N.M.S.A.1953 (Repl. 1968) neither Honey Boy nor its predecessor

in interest was required to seek the approval of the State Engineer for a change in point of diversion; (3) since there were no duly elected officers of the community acequia, neither Honey Boy nor its predecessor in interest was required to seek approval from these non-existent officers; and (4) the granting of the application would not result in detriment to any other water rights owners.

An individual desiring to change his point of diversion is required to follow a certain statutory procedure. *State ex rel. Reynolds v. Fanning,* 68 N.M. 313, 361 P.2d 721 (1961). We consider §§ 75–2–9, 75–5–23, and 75–14–60, N.M.S.A.1953 (Repl.1968) from our water and irrigation statutes to determine whether Honey Boy was required to seek the State Engineer's approval. Section 75–5–23 provides that the State Engineer must approve a permit for a change in point of diversion. Section 75–14–60 codifies the exception to this rule; it provides that if a proposed change in point of diversion is on a community acequia, established prior to March 19, 1907, the officers of the community acequia need not apply to the State Engineer in order to change the place of diversion. The change in place of diversion contemplated by § 75–14–60 is one in which exigencies require immediate reconstruction. The change in point of diversion made by Honey Boy's predecessor in interest, Mr. Baltzley, was not the change contemplated by § 75–14–60. If the water rights of an acequia have been adjudicated, then the State Engineer must approve any change, regardless of whether or not it is a community acequia. § 75–2–9.

It is unnecessary for us to decide whether or not the acequia in question is a community acequia since in *United States of America v. Hope Community Ditch, supra,* the United States District Court of New Mexico adjudicated certain water rights to the predecessors of Honey Boy. Consequently, there being a prior adjudication of water rights, Honey Boy was compelled to seek the approval of the State Engineer before any change could be made. § 75–2–9. Whether or not Honey Boy's acequia was a

community acequia, which was in operation prior to March 19, 1907, is irrelevant once the water rights of Cow Creek were adjudicated.

We hold, therefore, that due to the adjudication of water rights on Cow Creek, Honey Boy's predecessor in interest was required to seek the approval of the State Engineer before it changed the point of diversion on the acequia in question. § 75–2–9. The trial court's decision that neither Honey Boy nor its predecessor had to seek the State Engineer's approval is reversed.

The State Engineer, during oral arguments, requested this Court to remand the case to the district court to affirm the denial of the application, subject, of course, to the right of Honey Boy to file another application for change of use together with an application for change in point of diversion. The State Engineer is not seeking a denial of the application on the merits, but a denial without prejudice to refile, if it is accompanied properly with an application for change of point of diversion. This request is hereby granted together with an order to impose whatever sanctions the State Engineer deems legally appropriate.

Therefore, this cause is remanded to the trial court to affirm the State Engineer's denial of the application.

IT IS SO ORDERED.

McMANUS, C. J., and PAYNE, J., concur.